IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

CHINELA N. JOHNSON,
individually and on behalf of
others similarly situated,

Case No.:

       Plaintiffs,

vs.

RYLA TELESERVICES, INC.,

       Defendant.

**COLLECTIVE ACTION COMPLAINT**
**(JURY TRIAL REQUESTED)**

## JURISDICTION

1.    This Court has original jurisdiction to hear this Complaint and to adjudicate the claims stated herein under 28 U.S.C. § 1331 because these claims are brought under the Federal Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA").

2.    Venue is proper in the Northern District of Georgia, Atlanta Division, under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this District.

## PARTIES

3. Defendant Ryla Teleservices, Inc. ("Ryla") is, upon information and belief, a foreign corporation, maintaining its principal place of business in Georgia. The company provides call center outsourcing and call center services for organizations throughout the United States. According to its website, the company employs between 1,500 and 2,000 call center agents, and maintains call centers in Kennesaw, Georgia, Mobile, Alabama and various other states.

4. Defendant is an employer as defined by 29 U.S.C. § 203(d).

5. Plaintiff Chinela N. Johnson ("Plaintiff Johnson") is a former employee of Defendant. Defendant employed Plaintiff Johnson as a customer service representative at its Kennesaw, Georgia call center from approximately April 2009 through April 2010. Plaintiff Johnson is a resident of the city of Ellenwood, county of Dekalb, state of Georgia.

6. Plaintiff is an employee as defined by 29 U.S.C. § 203(e).

7. Plaintiff's consent form to join this action is attached as Exhibit A.

8. In addition, to date, forty (40) other Plaintiffs have also consented to bring overtime claims against Defendant by filing their consent forms with this Court. (See Ex. B.) As this case proceeds, it is likely that other individuals will sign consent forms and join as plaintiffs.

## COLLECTIVE ACTION FACTUAL ALLEGATIONS

9. Plaintiffs bring this action on behalf of themselves and other similarly situated individuals pursuant to 29 U.S.C. § 216 (b). Plaintiffs and those similarly situated are individuals who were, or are, employed by Defendant in customer service and similar positions that primarily involved providing service to customers through inbound telephone calls, at any time within three years prior to the filing of this Complaint, in its Kennesaw, Georgia call center, and were not paid for some or all of their work activities.

10. Plaintiffs and the similarly situated individuals are similar because they were all hourly employees whose duties consisted primarily of providing service to customers by telephone while working in Defendant's Georgia call center. They are also similar because Defendant did not pay them for some or all of the time worked that occurred before and/or after their scheduled shift.

11. Defendant knowingly required Plaintiffs and the similarly situated individuals to perform unpaid work before and/or after their shift. This work included, but was not limited to time spent booting-up computers, initializing software programs, setting up "call backs," and reviewing work related emails and intranet messages.

12. Upon information and belief, Defendant did not have any process or procedure in place whereby Plaintiffs or those similarly situated could recover this

time spent working prior to their scheduled shifts. Defendant's policy was that Plaintiffs and those similarly situated were not allowed to log on to their phones until the start of their scheduled shift and, upon information and belief, their time worked was not tracked until they logged onto the phone system.

13. Defendant's actions were knowing and willful. Upon information and belief, sometime prior to Plaintiffs' employment Defendant may have paid its customer service representatives using a system that tracked all their time worked from the time they arrived at their workstation, but discontinued its use for a procedure that only starts tracking time worked when these employees log into the phone systems to take their first call at the start of their scheduled shift.

14. Upon information and belief, if Plaintiffs and the similarly situated individuals were not ready to take a telephone call at the start of their scheduled shift, their quality scores, which measured their performance, could be adversely affected.

15. Moreover, Defendant was aware that Plaintiffs and the similarly situated individuals were working time for which they were not compensated. For example, in training, and throughout their employment, Defendant instructed them to arrive before their scheduled shifts in order to perform additional responsibilities and be ready to take calls when their scheduled telephone shift started. Even so, upon information and belief, Defendant did not accurately track or compensate its

employees for this additional time worked outside of when they were logged into the phone system.

16. Defendant was further aware that Plaintiffs and the similarly situated individuals were not being compensated for all of their time worked because Plaintiffs and the similarly situated individuals complained to management about it. Specifically, when Plaintiffs complained to supervisors, Plaintiffs' supervisors explained that performing unpaid work activities was required because it was expected, and was part of the job. Furthermore, Plaintiffs' supervisors explained that Plaintiffs and the similarly situated individuals were required do whatever it took do to be ready to take their first call at the start of their scheduled shift.

17. Finally, Defendant should have known that its policy of requiring employees to perform unpaid work activities was unlawful because many similar lawsuits have been filed in courts throughout the country against employers in the call center industry.

18. Upon information and belief, the amount of uncompensated time Plaintiffs and the similarly situated individuals spend or have spent on these required and unpaid work activities amounts to an average of between ten and twenty minutes per day, per person. This time regularly resulted in overtime hours being worked by Plaintiffs and the similarly situated individuals - overtime that was not reflected in their payroll or time records or paid by Defendant.

## COUNT I

## VIOLATION OF THE FAIR LABOR STANDARDS ACT

19.   Plaintiffs incorporate the forgoing paragraphs by reference.

20.   During the statutory period, Plaintiffs and the similarly situated individuals were employed by Defendant in customer service and similar positions that primarily involved providing service to customers through inbound telephone calls at its Kennesaw, Georgia call center

21.   The FLSA requires employers to pay employees for all hours worked. The FLSA, 29 U.S.C. § 207 requires employers to pay employees one and one-half times the regular rate of pay for all hours worked over forty hours per workweek.

22.   Defendant's actions, policies and/or practices described above violated the FLSA's overtime requirements by regularly and repeatedly failing to compensate Plaintiffs and the similarly situated individuals for time spent on work activities as described in this Complaint.

23.   As the direct and proximate result of Defendant's unlawful conduct, Plaintiffs and the similarly situated individuals have suffered and will continue to suffer a loss of income and other damages.  Plaintiffs and the similarly situated individuals are entitled to liquidated damages and are also entitled to attorneys' fees and costs incurred in connection with this claim.

24. Defendant knew, or showed reckless disregard for the fact that it failed to pay these individuals for overtime hours worked.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, individually and on behalf of those similarly situated, pray for relief as follows:

1. Judgment against Defendant for an amount equal to Plaintiffs' and similarly situated individuals' unpaid back wages at the applicable overtime rate;

2. An equal amount to the unpaid back wages as liquidated damages;

3. An award of prejudgment interest (to the extent liquidated damages are not awarded);

4. Leave to add additional plaintiffs by the filing of written consent forms, or any other method approved by the Court;

5. Leave to amend to add claims under applicable state law;

6. Costs and attorneys' fees to the extent allowed by law; and

7. Such further relief as the Court deems just and equitable.

DATE:  December 12, 2011         AUSTIN & SPARKS, P.C.

                                 _____
                                 John T. Sparks, Sr., GA Bar No. 669575
                                 2974 Lookout Place N.E., Suite 200
                                 Atlanta, Georgia 30305
                                 Telephone: (404) 869-0100
                                 Fax: (404) 869-0200
                                 JSparks@austinsparks.com

                                 **NICHOLS KASTER, PLLP**

James H. Kaster, MN Bar No. 53946*
David E. Schlesinger, MN Bar No. 387009*
4600 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Telephone: (612) 256-3200
Fax: (612) 215-6870
kaster@nka.com
dschlesinger@nka.com
*pro hac vice admission

ATTORNEYS FOR PLAINTIFFS